1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12   JANE DOE,                                    **Case No.: 2:13-CV-02276-WBS-AC**

13        Plaintiff,                              **ORDER**

14              v.

15   CITY OF SACRAMENTO, SERGIO
16   ALVAREZ, DAN DRUMMOND, and
     DOES 1 through 25,
17

18        Defendants.

19

20

21             The court has read and considered plaintiff's ex parte application for leave to

22   proceed under the pseudonym "Jane Doe."  As plaintiff recognizes, Rule 10(a) of the Federal

23   Rules of Civil Procedure requires that a plaintiff disclose his or her name in the instrument filed to

24   commence a lawsuit.  Plaintiff asks the court to make an exception here based on the five factor

25   test set forth by the Ninth Circuit in <u>Doe v. Kamehameha Schools</u>, 596 F.3d 1036, 1042 (9th Cir.

26   2010).  Applying that test, the court does not find that the likelihood or severity of the threatened

27   harm outweigh the interest of the public, and indeed the court, in knowing the identity of those

28
                                                  1
     _____
     [PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO PROCEED UNDER
     PSEUDONYM
     Case No. 2:13-CV-02276-WBS-AC

1    persons using the federal courts to bring actions against others.

2              The Complaint does not allege that plaintiff is a minor.  Plaintiff avers that she

3    resides in the City of West Sacramento where the alleged assault occurred and was perpetrated by

4    a police officer.  However, she states that defendants are already aware of her true name because

5    they have performed investigations for the criminal matter, plaintiff has testified before the grand

6    jury, plaintiff has provided a statement for the Internal Affairs investigation, and plaintiff has filed

7    a government tort claim using her true name.  Thus, the court can discern little if any harm that

8    plaintiff could reasonably be expected to suffer from bringing this action in her true name.  On the

9    other hand, the public has a legitimate interest in knowing the identity of those bringing actions

10   against municipal governments in this district.[1]

11             IT IS THEREFORE ORDERED that plaintiff's ex parte application for leave to

12   proceed under the pseudonym "Jane Doe" be, and the same hereby is, DENIED.  Plaintiff shall

13   file a new complaint setting forth her true name in the caption.

14   Dated:  November 19, 2013

15

16   WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25   _____

26   [1] The court also has an interest in knowing the names of the parties, if for no

27   other reason than to know whether the assigned judge knows the plaintiff or may

28   have some basis for recusal.

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION TO PROCEED UNDER
PSEUDONYM

Case No. 2:13-CV-02276-WBS-AC