**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION**

| | |
|---|---|
| ROCHELLE L. GILLIAM,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF WEST SACRAMENTO, SERGIO ALVAREZ, DAN DRUMMOND, and DOES 1 through 25,<br><br>　　　　Defendants | Case No.: 2:13-CV-02276-WBS-AC<br><br>**STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION** |

　　　　Plaintiff, Rochelle L. Gilliam, Defendants City of West Sacramento, Chief Dan Drummond and Sergio Alvarez ("Defendants") hereby stipulate to the following protective order:

　　　　1.　　On or about September 26, 2012, the West Sacramento Police Department requested that the Sacramento Police Department become the lead investigative agency into possible criminal conduct of Sergio Alvarez, a West Sacramento Police Officer. The Sacramento Police Department conducted the criminal investigation at the request of the West Sacramento

Police Department and as a result, generated police reports, investigative reports, witnesses' statements, as well as numerous other pieces of potential evidence in connection with the criminal investigation. This investigative material was provided to the Yolo County District Attorney's Office in connection with the criminal prosecution of Defendant Alvarez. In turn, the Yolo County District Attorney's Office disclosed discovery of this investigative material to Alvarez's attorney in that prosecution. Plaintiff Gilliam has requested disclosure of the criminal discovery in this civil case.

Disclosure and discovery activity in this action will involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than the instant litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties further acknowledge that this Stipulated Protective Order (hereafter the "Order") does not entitle them to file confidential information under seal; Eastern District Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   In connection with discovery proceedings in this action, the parties designate the following documents as "Confidential" pursuant to the terms of this Order. Confidential information is information which has not been made public and which concerns or relates to either (1) peace officer personnel records; (2) victim information or statements discussing sexual assaults; (3) confidential law enforcement reports and investigative files; (4) audio or video recordings of victims or witnesses; or (5) law enforcement records regarding criminal history, arrest records, etc.; (6) information maintained by the Sacramento Police Department, the disclosure of which may have the effect of causing embarrassment to certain third-parties (hereafter sometimes referred to as "Confidential Material").

The protections conferred by this Order cover not only Confidential Material, but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

3.      Confidential documents shall be so designated by water-marking copies of the document produced to a party with the word "CONFIDENTIAL." All documents produced pursuant to this Order will be bates stamped and water-marked "CONFIDENTIAL" "DO NOT DUPLICATE."

4.      Testimony taken at a deposition, conference, hearing or trial referencing, mentioning, or using Confidential Material may be designated as "Confidential" by making a statement to that effect on the record at the deposition or other proceeding. Arrangement shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

5.      Material designated as confidential pursuant to this Order, the information contained therein, and any summaries, copies, abstracts, or other documents, however stored or reproduced, derived in whole or in part from the documents designated as Confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6.      Confidential Material or information produced pursuant to this Order may be disclosed or made available only to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the following "qualified persons" designated below:

(a) Experts retained for consultation and/or trial;

(b) Court reporter(s) employed in this action;

(c) A witness at any deposition or other proceeding in this action; and

(d) Any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall agree to sign the "Acknowledgement and Agreement to be Bound" attached hereto as Exhibit A.

7.      If the parties are served with a subpoena, must comply with a continuing obligation under the initial disclosures, must comply with a valid discovery request, or a court

order issued in this litigation compels disclosure of any information or items designated in this action as "Confidential" Defendants must:

    (a) Promptly notify in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (b) If disclosure of any Confidential Material or information must be made, as required by a court order or provision of law, any information that is private, confidential, or subject to any exemption from disclosure shall be removed or redacted prior to production. Defendants shall use reasonable care in determining what documents should be removed, withheld, or redacted subject to a subpoena, initial disclosure request, discovery request, court order, or other requirement by law to produce any confidential materials and documents.

    8.    Any Confidential Material or information produced by Defendants to another party will be redacted with respect to law enforcement officers, officers of the court, and third parties including, but not limited to: (i) home address; (ii) telephone numbers; (iii) social security numbers; (iv) dates and places of birth; (v) driver's license numbers; (vi) medical information or medical record information; or (vii) any other information which might be exempt, privileged, confidential, or subject a person to embarrassment, annoyance, or harassment. If unredacted disclosures are reasonably necessary during discovery, or Defendants must produce unredacted disclosures pursuant to a Court Order, Defendants shall use reasonable care in determining what unredacted information to produce.

    9.    In the event any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using the Confidential Material shall take all reasonable steps to maintain its confidentiality during use.

    10.    If any party learns that, by inadvertence or otherwise, they have disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that party must immediately (a) use their best efforts to retrieve all unauthorized copies of the Confidential Material, (b) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (c) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     This Order is entered into for the purpose of allowing the production of documents and information from Defendant Sergio Alvarez in responding to a request for documents by the Plaintiff without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document pursuant to the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12.     This Order shall not be construed to require disclosure of information that is protected by the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity. In addition, this Order shall not be construed to constitute a waiver of any party's right to seek production of information that a party has designated as privileged from disclosure.

13.     This Order shall survive the final determination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated at Confidential, and all copies of the same, or in the alternative, shall take all reasonable steps to have the Confidential Material and documents destroyed and disposed of in a manner that will ensure no one will gain unauthorized access to the materials.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 16, 2015                THE ASHWORTH LAW OFFICES

*/S/ James C. Ashworth*
JAMES C. ASHWORTH
Attorneys for Plaintiff


Dated: January 16, 2015                ANGELO, KILDAY & KILDUFF

                    */S/ Bruce Kilday*
                    BRUCE KILDAY
                    Attorneys for Defendants City of West Sacramento
                    and Chief Dan Drummond

Dated: January 16, 2015         LONGYEAR, O'DEA & LAVRA, LLP

                    */S/ John Lavra*
                    JOHN LAVRA
                    Attorneys for Defendant
                    Sergio Alvarez

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  January 23, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ (print or type full name), of _____ (print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on: _____ [date] in the case of *Rochelle L. Gilliam v. City of West Sacramento, et al.,* Eastern District Court Case 2:13-cv-02276-WBS-AC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____